Federal Natl. Mtge. Assn. v Davis (2020 NY Slip Op 01327)





Federal Natl. Mtge. Assn. v Davis


2020 NY Slip Op 01327


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-07832
2018-07833
 (Index No. 7358/16)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Joseph Davis, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Justin F. Pane of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Davis appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 22, 2018, and (2) an order of the same court also entered February 22, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Davis, to strike the answer of that defendant, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant Joseph Davis, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Davis, to strike the answer of that defendant, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Davis, to strike the answer of that defendant, and for an order of reference, and appointing a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Davis, to strike the answer of that defendant, and for an order of reference, and appointing a referee to compute the amount due to the plaintiff is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed, without costs or [*2]disbursements.
The plaintiff in this mortgage foreclosure action failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint since it failed to provide proof of the actual mailing of the notice required by RPAPL 1304, or proof of a standard office mailing procedure, so as to demonstrate its strict compliance with that statute (see U.S. Bank N.A. v Cope, 175 AD3d 527; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). The defendant Joseph Davis's bare denial of receipt of the notice was similarly insufficient to demonstrate his entitlement to summary judgment dismissing the complaint insofar as asserted against him (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24).
Accordingly, although we agree with the Supreme Court's determination to deny that branch of the defendant Joseph Davis's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike the answer of that defendant, and for an order of reference.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court